# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**IKE KELLY, #41039**                                                                                           **PLAINTIFF**

**v.**                                                                             **CIVIL ACTION NO. 5:16-cv-104-DCB-MTP**

**MANAGEMENT AND TRAINING**                                                                              **DEFENDANT**
**CORPORATION**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment for Failure Exhaust Administrative Remedies [26] filed by Management and Training Corporation, Raven Davis, and Ora Porter. Having considered the motion, the record, and the applicable law, the undersigned recommends that the Motion [26] be GRANTED and this matter be dismissed without prejudice.

## FACTUAL BACKGROUND

Plaintiff Ike Kelly, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), and is currently housed at the South Mississippi Correctional Institution. Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on or about November 1, 2016. Initially, he asserted claims against MDOC, the MDOC Commissioner, Management and Training Corporation, the State of Mississippi, and Wilkinson County Correctional Facility ("WCCF") alleging violations of his constitutional rights during his incarceration at WCCF.

Plaintiff alleges that his cellmate assaulted him on September 10, 2016. *See* [1] at 4. Plaintiff claims the security cells at WCCF are not equipped with intercom speaker systems or electronically-controlled cell doors. He later was granted leave to amend his complaint to add

1

claims against officers Raven Davis and Ora Porter based on the allegation that they were aware prior to the assault that his cellmate posed a threat to other inmates. *See* Order [22]; Amendment [18] at 2.

Plaintiff claims that while he struggled with his cellmate for twenty to thirty minutes, inmates in other cells were beating on their cell doors to get the attention of the officers on duty. *See* [1] at 4. Plaintiff claims that the officers were located in a tower in the unit's hallway. Plaintiff claims that he sustained eight stab wounds during the alleged assault and that he required treatment for two days at the Pike County Hospital. *See* [1] at 7.

Plaintiff sent a request to MDOC Commissioner Marshall Fisher on October 12, 2016, to proceed with a "sensitive issue" request through the Administrative Remedy Program ("ARP") regarding the alleged assault on September 10, 2016. *See* [26-1] at 5. MDOC's ARP director, Richard Pennington, responded to Plaintiff's request on October 24, 2016, and notified Plaintiff that his complaint did not meet the criteria for sensitive treatment. *See* [26-1] at 4. Mr. Pennington also notified Plaintiff that he had five days from the receipt of Mr. Pennington's response to submit his request through the regular ARP process as a non-sensitive request. *Id*. Plaintiff signed an acknowledgment of his receipt of the five-day extension to re-file his ARP request through the regular channels. *See* [26-1] at 3. Thereafter, Plaintiff never submitted a grievance regarding the assault through the regular ARP channels at WCCF.

Defendants filed their Motion [26] on March 30, 2017, asserting that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing his claim. Plaintiff responded to the motion on May 15, 2017. *See* Response [31]. Defendants replied to response on May 16, 2017, and motion is ripe for disposition. *See* Reply to Response [32].

## **STANDARD**

A motion for summary judgement will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## **ANALYSIS**

Defendants assert that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or

3

otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Id.* at 85.

The United States Court of Appeals for the Fifth Circuit has upheld the grant of summary judgment where the evidence revealed that an inmate has not followed prison guidelines for filings grievances and thus had not exhausted his administrative remedies. *Stout v. North-Williams*, 476 Fed. App'x 763, 765 (5th Cir. 2012). Furthermore, courts have been clear that a prisoner cannot fulfill the exhaustion requirement through general allegations that he notified prison officials of a violation; rather, he must follow the process set forth by the prison. *See, e.g., Woodford,* 548 U.S. at 83-84; *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement); *Lane v. Harris Cnty. Medical Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, the prisoner must comply with all administrative procedural rules). "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint relating to any aspect of their incarceration. The ARP is a

two-step process. Inmates are required to initially submit their grievances within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP form ARP-2 and sending it to the Legal Claims Adjudicator. A final decision will be made by the Superintendent, Warden, or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court. *See Mississippi Department Of Corrections Handbook at Ch. VIII.*[1]; *Seales v. Shaw*, 2016 WL 616749, at *2 (S.D. Miss. Jan. 26, 2016), *report and recommendation adopted sub nom. Seales v. Wilkinson Cty. Corr. Facility*, 2016 WL 616385 (S.D. Miss. Feb. 16, 2016).

The ARP program also contains a provision for sensitive issues. *See* [26-2] at 2. If an inmate believes that he would be adversely affected if his ARP complaint became known at his facility, he may file a complaint directly to the ARP Director as a sensitive issue request. *Id*. The inmate must explain the reason for not filing his complaint at his facility in his request. *Id*. If his request is denied by the ARP Director, an inmate has five days from the date he receives the rejection memo to submit his request through the regular ARP channels, beginning with the first step. *Id*.

In support of their claim that Plaintiff failed to properly exhaust his claims before filing suit in this court, Defendants offer the Plaintiff's ARP record regarding the claims currently before the court.[2] On or about October 12, 2016, Plaintiff sent correspondence to MDOC

---

[1] *Available at* http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx (last visited June 6, 2017).

[2] Janice Fountain, an MDOC employee who works as the ARP Coordinator at WCCF, submitted an affidavit outlining Plaintiff's administrative grievance efforts. *See* [26-1] at 1.

Commissioner Marshall Fisher requesting to proceed with a "sensitive issue" request through the ARP process regarding the alleged assault. *See* [26-1] at 5. On October 24, 2016, MDOC's ARP Director, Richard Pennington, responded to Plaintiff's request, notifying him that this matter did not meet the criteria for sensitive treatment. *See* [26-1] at 4. Mr. Pennington's letter notified Plaintiff that his request was being returned to him so that he could submit it through the regular ARP process as a non-sensitive request. *Id*. It also notified Plaintiff that he had five days from the receipt of Mr. Pennington's response to submit his potential grievance through the regular ARP channels. *Id*. On October 25, 2016, Plaintiff signed an acknowledgment of his receipt of the five-day extension to re-file his ARP request. *See* [26-1] at 3. Plaintiff never re-submitted a grievance regarding the alleged September 10, 2016, incident through the ARP process, and he does not contest this in his response.[3]

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). The record before the Court shows that Plaintiff filed this action without submitting his grievance through the proper ARP channels.

---

[3] Plaintiff contends that the ARP process has changed since the last handbook was administered to inmates. *See* [31] at 2. Defendants report that this is not the case, and Plaintiff may be confusing the ARP process with the Rule Violation Report process. *See* [32] at 2. Plaintiff concedes that he failed to refile his ARP request within five days of receiving the notice from the ARP Director. *See* [31] at 2. Plaintiff was directed to pursue his ARP request through the regular ARP process and signed an acknowledgment of his receipt of the five-day extension to re-file his ARP request through the regular channels. *See* [26-1] at 3. Even if Plaintiff believed the ARP process was a one-step process, he never completed the first step. A prisoner's ignorance of a grievance process does not relieve a prisoner of his obligation to exhaust administrative remedies. *See Nelson v. White*, No. 5:14-CV-81-MTP, 2016 WL 951578, at *3 (S.D. Miss. Mar. 9, 2016).

Exceptions to the exhaustion requirement are only appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.* Plaintiff has not made such a showing. In fact, Plaintiff was given instructions to file a grievance through the regular ARP channels when he received the denial of his sensitive issue request. *See* [26-1] at 4. Accordingly, undersigned recommends that this case be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that:

1. Defendants' Motion to Dismiss [26] be granted;
2. This action be dismissed without prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS, the 6th day of June, 2017.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge