IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

IKE KELLY, #41039                                              PLAINTIFF

VS.                          CIVIL ACTION NO. 5:16-cv-104(DCB)(MTP)

MANAGEMENT AND TRAINING
CORPORATION, RAVEN DAVIS,
AND ORA PORTER                                                DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the defendants Management and Training Corporation, Raven Davis, and Ora Porter's Motion for Summary Judgment **(docket entry 26)** based on the plaintiff Ike Kelly's failure to exhaust administrative remedies. Also before the Court are a Report and Recommendation ("R&R") of Magistrate Judge Michael T. Parker **(docket entry 35);** objections to the R&R by the plaintiff (docket entry 36); a response to the objections by defendants Management and Training Corporation, Raven Davis and Ora Porter (docket entry 37); and the plaintiff's first reply (docket entry 38), second reply (docket entry 39), and third reply (docket entry 40) to the defendants' response. The Court has carefully considered the defendants' motion for summary judgment and the Magistrate Judge's R&R, as well as the parties' objections and responses, and finds as follows:

The plaintiff, Ike Kelly ("Kelly"), proceeding pro se and in forma pauperis, is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), and is currently

housed at the South Mississippi Correctional Institution. Kelly filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on or about November 1, 2016. Initially, he asserted claims against MDOC, the MDOC Commissioner, Management and Training Corporation, the State of Mississippi, and Wilkinson County Correctional Facility ("WCCF") alleging violations of his constitutional rights during his incarceration at WCCF.

Kelly alleges that his cellmate assaulted him on September 10, 2016. He further claims that the security cells at WCCF are not equipped with intercom speaker systems or electronically-controlled cell doors. He was granted leave to amend his complaint on March 15, 2017, to add claims against officers Davis and Porter based on the allegation that they were aware, prior to the assault, that his cellmate posed a threat to other inmates.

Kelly claims that while he struggled with his cellmate for twenty to thirty minutes, inmates in other cells were beating on their cell doors to get the attention of the officers on duty. He also claims that officers were located in a tower in the unit's hallway. The plaintiff claims that he sustained eight stab wounds during the alleged assault and that he required treatment for two days at the Pike County Hospital.

The plaintiff sent a request to MDOC Commissioner Marshall Fisher on October 12, 2016, to proceed with a "sensitive issue" request through the Administrative Remedy Program ("ARP") regarding

the alleged assault on September 10, 2016.  MDOC's ARP director, Richard Pennington, responded to the plaintiff's request on October 24, 2016, and notified Kelly that his complaint did not meet the criteria for sensitive treatment.  Pennington also notified the plaintiff that he had five days from the receipt of Pennington's response to submit his request through the regular ARP process as a non-sensitive request.  The plaintiff signed an acknowledgment of his receipt of the five-day extension to re-file his ARP request through the regular channels.  Thereafter, Kelly never submitted a grievance regarding the assault through the regular ARP channels at WCCF.

The defendants filed their Motion for Summary Judgment on March 30, 2017, asserting that this matter should be dismissed because Kelly failed to exhaust his administrative remedies before filing his claim.  The plaintiff responded to the motion on May 15, 2017.  The defendants replied to Kelly's response on May 16, 2017.  On June 6, 2017, Magistrate Judge Parker issued his R&R.

A motion for summary judgement will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004)(citing Fed. R. Civ. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  "The moving party must show that if the evidentiary material of record were reduced to

3

admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." Beck v. Texas State Bd. of Dental Examiners, 204 F.3d 629, 633 (5th Cir. 2000). The court must view "the evidence in the light most favorable to the nonmoving party." Id. However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" Turner v. Baylor Richardson Medical Center, 476 F.3d 337, 343 (5th Cir. 2007) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 199 (5th Cir. 1988); see also Celotex, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

The defendants assert that this matter should be dismissed because Kelly failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or

otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Indeed ... a prisoner must now exhaust administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process." Id. at 85.

The United States Court of Appeals for the Fifth Circuit has upheld the grant of summary judgment where the evidence revealed that an inmate had not followed prison guidelines for filing grievances and thus had not exhausted his administrative remedies. Stout v. North-Williams, 476 Fed. App'x 763, 765 (5th Cir. 2012). Furthermore, courts have been clear that a prisoner cannot fulfill the exhaustion requirement through general allegations that he notified prison officials of a violation; rather, he must follow the process set forth by the prison. See, e.g., Woodford, 548 U.S. at 83-84; Johnson v. Ford, 261 Fed. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement); Lane v. Harris Cnty. Medical Dep't, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, a prisoner must comply with all administrative procedural rules). "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012). Because exhaustion is an affirmative

defense, the defendant bears the burden of demonstrating that the plaintiff failed to exhaust available administrative remedies. Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010).

Miss. Code Ann. § 47-5-801 grants the MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint relating to any aspect of his incarceration. The ARP is a two-step process. Inmates are required to initially submit their grievances within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP form ARP-2 and sending it to the Legal Claims Adjudicator. A final decision will then be made by the Superintendent, Warden, or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court. See Mississippi Department of Corrections Handbook, at Ch. VIII; see also Seales v. Shaw, 2016 WL 616749, at *2 (S.D. Miss. Jan. 26, 2016), report and recommendation adopted sub nom. Seales v. Wilkinson Cty. Corr. Facility, 2016 WL 616385 (S.D. Miss. Feb. 16, 2016).

The ARP program also contains a provision for sensitive

issues. See [26-2] at 2. If an inmate believes that he would be adversely affected if his ARP complaint became known at his facility, he may file a complaint directly to the ARP Director as a sensitive issue request. Id. The inmate must explain the reason for not filing his complaint at his facility in his request. Id. If his request is denied by the ARP Director, an inmate has five days from the date he receives the rejection memo to submit his request through the regular ARP channels, beginning with the first step. Id.

The defendants in this case argue that the plaintiff failed to properly exhaust his claims before filing suit in this Court. In support, the defendants offer the plaintiff's ARP record regarding the claims currently before this Court. Janice Fountain, an MDOC employee who works as the ARP Coordinator at WCCF, has submitted an Affidavit outlining the plaintiff's administrative grievance efforts. See [26-1] at 1. On or about October 12, 2016, the plaintiff sent correspondence to MDOC Commissioner Marshal Fisher requesting permission to proceed with a "sensitive issue" request regarding the alleged assault through the ARP process. See [26-1] at 5. On October 24, 2016, MDOC's ARP Director, Richard Pennington, responded to the plaintiff's request, notifying him that this matter did not meet the criteria for sensitive treatment. See [26-1] at 4. Mr. Pennington's letter notified the plaintiff that his request was being returned to him so that he could submit

7

it through the regular ARP process as a non-sensitive request. Id. The letter also notified Kelly that he had five days from the receipt of Mr. Pennington's response to submit his potential grievance through the regular ARP channels. Id. On October 25, 2016, the plaintiff signed an acknowledgment of his receipt of the five-day extension to re-file his ARP request. See [26-1] at 3. Kelly never re-submitted a grievance regarding the alleged September 10, 2016, incident through the ARP process, and he does not contest this in his response.[1]

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." Johnson v. Johnson, 385 F.3d 503, 517 (5th Cir. 2004). Based on the record before the Court, Magistrate Judge Parker finds that the plaintiff filed this action without submitting his grievance through the proper ARP channels.

---

[1] The plaintiff contends that the ARP process has changed since the last handbook was administered to inmates. See [31] at 2. The defendants report that this is not the case, and that the plaintiff may be confusing the ARP process with the Rule Violation Report process. See [32] at 2. The plaintiff concedes that he failed to refile his ARP request within five days of receiving the notice from the ARP Director. See [31] at 2. The plaintiff was directed to pursue his ARP request through the regular ARP process and signed an acknowledgment of his receipt of the five-day extension to re-file his ARP request through the regular channels. See [26-1] at 3. So even if the plaintiff believed that the ARP process was a one-step process, he never completed the first step. A prisoner's ignorance of a grievance process does not relieve him of his obligation to exhaust administrative remedies. See Nelson v. White, No. 5:14-cv-81-MTP, 2016 WL 951578, at *3 (S.D. Miss. Mar. 9, 2016).

8

Exceptions to the exhaustion requirement are only appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. <u>Fuller v. Rich</u>, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. <u>Id</u>. The plaintiff has not made such a showing. In fact, Kelly was given instructions to file a grievance through the regular ARP channels when he received the denial of his sensitive issue request. <u>See</u> [26-1] at 4.

Based on the record before the Court, Magistrate Judge Parker recommends (1) that the defendants' Motion for Summary Judgment (docket entry 26) be granted, and that this case be dismissed based on the plaintiff's failure to exhaust his administrative remedies before filing suit; and (2) that this action be dismissed without prejudice.

The plaintiff, in his Objections to the R&R, fails to show that he exhausted his administrative remedies, and fails to show that he is entitled to an exception to the exhaustion requirement.

The Court shall therefore adopt the Report and Recommendation as the findings and conclusions of this Court.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 35)** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the defendants Management and Training Corporation, Raven Davis, and Ora Porter's Motion for Summary Judgment **(docket entry 26)** is GRANTED;

FURTHER ORDERED that a Final Judgment of Dismissal without Prejudice shall follow of even date herewith.

SO ORDERED, this the 27th day of September, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE